Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 20 2012, 8:55 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**LESLIE C. SHIVELY**
Shively & Associates, P.C.
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**ALAN S. BROWN**
**JULIA BLACKWELL GELINAS**
**DARREN A. CRAIG**
Frost Brown Todd LLC
Indianapolis, Indiana

**JEFFREY W. AHLERS**
Kahn, Dees, Donovan & Kahn, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD BAKER and SUSAN BAKER, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 87A01-1204-PL-156 |
| | ) | |
| MARATHON PIPE LINE, LLC, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Keith A. Meier, Judge
Cause No. 87D01-0906-PL-249

**November 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MATHIAS, Judge**

This is a dispute between property owners Todd and Susan Baker and Marathon Pipe Line, LLC, which holds an easement across the Bakers' land for its underground oil pipeline. Marathon brought an action seeking declaratory relief concerning the scope of its easement. It also sought an injunction to force the Bakers to remove their swimming pool and surrounding deck, which encroaches on the easement. The Bakers filed counterclaims, one of which was an amended counterclaim for malicious prosecution. Marathon filed a motion to dismiss the malicious prosecution counterclaim, which the trial court granted. The trial court issued findings of fact and conclusions thereon, granting Marathon's request for declaratory relief and denying its motion for an injunction with respect to the swimming pool. The Bakers then filed a motion to correct error on the issue of whether their amended counterclaim for malicious prosecution was properly dismissed and a motion to file a second amended counterclaim on the malicious prosecution and attorney's fees issues, both of which the trial court denied.

The Bakers now appeal, claiming that the trial court erred in denying their motion to correct error and their motion to file a second amended counterclaim. Finding that the trial court acted within its discretion, we affirm.

**Facts and Procedural History**

In 2007, the Bakers purchased a home in a residential subdivision of Newburgh, Indiana. Marathon owns an easement across the Bakers' lot for the purpose of transporting oil via a pipeline situated beneath the Bakers' backyard. In 2009, when the Bakers built a swimming pool with concrete decking, Marathon sought a declaratory judgment to determine the size of the pipeline easement and the parties' rights with

2

respect to it. Marathon also asked the trial court to order the Bakers to remove their pool and to enjoin them from building any other structures or improvements that would impede Marathon's access to the underground pipeline.

The Bakers filed counterclaims followed by an amended counterclaim for malicious prosecution. Pursuant to Indiana Trial Rule 12(B)(6), Marathon filed a motion to dismiss the malicious prosecution counterclaim for failure to state a claim upon which relief may be granted. Following a hearing, the trial court issued extensive findings of fact and conclusions thereon, finding that Marathon had presented evidence sufficient to establish that it was the owner of a fifty-foot easement across the Bakers' property. In its conclusions, the trial court outlined the rights of the parties with respect to the easement. The trial court denied Marathon's request for an injunction to force the Bakers to remove their pool, but it ordered the Bakers to remove all improvements in the primary easement except for the pool support structure, deck, and backwash pump drains. The trial court also enjoined the Bakers from discharging pool water onto the easement and from constructing any improvements on the easement without Marathon's prior consent. The trial court also granted Marathon's motion to dismiss the Bakers' malicious prosecution claim and subsequently denied the Bakers' motion to correct error on the issue of malicious prosecution, finding that the original action had not been terminated in their favor. The Bakers also filed a motion for permission to file a second amended counterclaim for malicious prosecution and attorney's fees, which the trial court denied. The Bakers now appeal. Additional facts will be provided as necessary.

3

## Discussion and Decision

The Bakers contend that the trial court erred in denying both their motion to correct error and their motion to file a second amended counterclaim. We use an abuse of discretion standard when reviewing both rulings. See Cox v. Matthews, 901 N.E.2d 14, 21 (Ind. Ct. App. 2009), trans. dismissed; Kelley v. Vigo Cty. Sch. Corp., 806 N.E.2d 824, 829 (Ind. Ct. App. 2004), trans. denied.

## I. Motion to Correct Error

The Bakers first contend that the trial court abused its discretion in denying their motion to correct error with respect to the dismissal of their amended counterclaim for malicious prosecution. A malicious prosecution claim rests on the notion that the claimant has been improperly subjected to legal process. Kopka, Landau & Pinkus v. Hansen, 874 N.E.2d 1065, 1075 (Ind. Ct. App. 2007) (citing Crosson v. Berry, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005)). To prevail in a malicious prosecution claim against Marathon, the Bakers must establish that (1) Marathon instituted or caused to be instituted an action against them; (2) Marathon acted maliciously in so doing; (3) Marathon had no probable cause to institute the action; and (4) the original action was terminated in the Bakers' favor. See id.

The Bakers raised their claim for malicious prosecution as part of the original action via an amended counterclaim. However, in Hunter v. Milhous, 159 Ind. App. 105, 111, 305 N.E.2d 448, 452-53 (1973), it was held that in order to maintain an action for malicious prosecution, it is necessary that the primary action upon which malicious prosecution is based has already terminated in the defendant's favor before the malicious

4

prosecution action commences. Thus, a counterclaim predicated upon malicious prosecution of the action in which such counterclaim was filed should be dismissed. Id. Here, the original action simply was not complete, and their malicious prosecution claim had not yet matured because the relief they sought was dependent upon a termination of the original action in their favor and against Marathon. Thus, the Bakers' malicious prosecution claim was premature. See id.

Moreover, even after the original action was complete, it was not terminated in the Bakers' favor. Instead, it was a split judgment, one in which the Bakers prevailed to the extent of not being required to remove their swimming pool, but in which Marathon prevailed in its request for declaratory relief and in its motion for injunctive relief in almost every other aspect of its complaint. The Bakers' claim that they prevailed in the original action focuses solely upon the trial court's determination that they did not have to remove their pool. However, they fail to take into account the trial court's extensive findings of fact and conclusions with respect to Marathon's request for declaratory relief concerning the scope of their easement. For example, the judgment outlines steps that Marathon can take to gain access to the portion of the pipeline situated within the easement in the event of a gas leak, which include removing the concrete pool deck that encroaches upon the easement. They also fail to consider the trial court's actions in ordering them to remove other improvements within the easement and enjoining them from future construction without Marathon's consent and from discharging pool water into the easement.

5

Thus, even though the Bakers prevailed in the aspect most important to them, keeping their swimming pool, Marathon prevailed on almost every other issue. Simply put, the action terminated partly in Marathon's favor and partly in the Bakers' favor and therefore was not amenable to a malicious prosecution claim. See Crosson, 829 N.E.2d at 189. We therefore conclude that the trial court acted within its discretion in denying the Bakers' motion to correct error on the issue of malicious prosecution.

## II. Second Amended Counterclaim

The Bakers also challenge the trial court's denial of their motion to file a second amended counterclaim for malicious prosecution and attorney's fees. In evaluating whether a trial court has acted within its discretion in denying a motion for amended pleading, we consider undue delay, bad faith, or dilatory motive by the moving party; repeated failure to cure deficiency by amendment previously allowed; undue prejudice to the opposing party by virtue of an amendment; and futility of the amendment. MAPCO Coal Inc. v. Godwin, 786 N.E.2d 769, 777 (Ind. Ct. App. 2003); Palacios v. Kline, 566 N.E.2d 573, 575 (Ind. Ct. App. 1991). A trial court does not abuse its discretion in denying a party's motion to amend a pleading where such an amendment would be futile. Kelley, 806 N.E.2d at 830.

Here, the Bakers had already filed a malicious prosecution counterclaim that was dismissed for failure to state a claim, in part, because the original action was not terminated in their favor. Their motion to file a second amended counterclaim was not based on any new disposition that would alter the merits of their original malicious prosecution claim. As such, a second amendment to the pleading would have been futile.

6

Consequently, the trial court acted within its discretion in denying the Bakers' motion to file a second amended malicious prosecution counterclaim. See id.

Finally, with respect to the Bakers' claim that the trial court erred in refusing to allow them to file a second amended counterclaim for attorney's fees, we conclude that they have waived the issue by failing to cite the relevant statute[1] or to develop any cogent argument. See Ind. Appellate Rule 46(A)(8); Rendon v. Rendon, 692 N.E.2d 889, 897 n.7 (Ind. Ct. App. 1998). We also note that our holding that the underlying claim was not resolved in their favor would prevent the award of attorney fees they seek.

In summary, we affirm the trial court in all respects.

Affirmed.

VAIDIK, J., and BARNES, J., concur.

---

[1] See Ind. Code § 34-52-1-1.

7